# EXHIBIT A

## SUPERIOR COURT OF COLUMBIA COUNTY
## STATE OF GEORGIA

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COLUMBIA COUNTY, GEORGIA
**2018ECV0077**
CARL C. BROWN, JR.
MAR 29, 2018 01:57 PM

Cindy Mason, Clerk
Columbia County, Georgia

CIVIL ACTION NUMBER   2018ECV0077

Williams, Shonea

_____
**PLAINTIFF**

VS.

Wal-Mart Stores East, LP

_____
**DEFENDANT**

**DUPLICATE ORIGINAL (SERVICE COPY)**

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

      **Victor Hawk**
      **Hawk Law Group**
      **338 Telfair Sreet**
      **Augusta, Georgia 30901**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 29th day of March, 2018.**

          Clerk of Superior Court

_____
          Cindy Mason, Clerk
          Columbia County, Georgia

**⚙ EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COLUMBIA COUNTY, GEORGIA
**2018ECV0077**
**CARL C. BROWN, JR.**
MAR 29, 2018 01:57 PM

Cindy Mason, Clerk
Columbia County, Georgia

IN THE SUPERIOR COURT FOR THE
COUNTY OF COLUMBIA, STATE OF GEORGIA
Civil Action File No. _____

| | |
|---|---|
| **SHONEA WILLIAMS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **WAL-MART STORES EAST, LP** and/or A.B.C. | ) |
| that Individual partnership, foreign profit | ) |
| corporation and/or non-profit corporation, company | ) |
| and/or limited liability company doing business | ) |
| as the same located at 260 Bobby Jones | ) |
| Expressway, Augusta, GA, on May 14, 2016 when | ) |
| Plaintiff slipped and fell on the premises, | ) |
| | ) |
| First Defendant, | ) |
| | ) |
| And, | ) |
| | ) |
| A.B.C. that individual partnership, foreign profit | ) |
| corporation and/or non-profit corporation, | ) |
| company and/or limited liability company acting | ) |
| as the manager of Wal-Mart Stores East, LP at | ) |
| 260 Bobby Jones Expressway, Augusta, GA on | ) |
| May 14, 2016 when plaintiff slipped and fell | ) |
| on the premises, | ) |
| | ) |
| Second Defendant. | ) |

**DUPLICATE ORIGINAL (SERVICE COPY)**

**COMPLAINT**

COMES NOW, the Plaintiff in the above-styled case and shows the following:

1

That the Defendant, Wal-Mart Stores East, LP, that individual partnership, corporation or

company doing business as the same on May 14, 2016, located at 260 Bobby Jones Expressway,

Augusta, Columbia County, Georgia may be served with process through their registered agent,

C T Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

2

That on or about May 14, 2016, the Plaintiff, as an invitee to the premises, went into the restroom.  Upon coming out of the restroom, she slipped on a liquid substance that was leaking out of a drink machine onto the floor near the restrooms that had no sign or warning to alert customers of the liquid substance.  As a proximate result of the failure of the Defendant to maintain the premises in a safe manner, warn invitees of the danger, and/or inspect the premises for dangerous conditions, the Plaintiff suffered significant injuries for which the Plaintiff has incurred medical expenses.

3

At the aforesaid time and place, the Defendant, individually, and/or by and through its agents, servants and /or employees, had a duty to maintain the afore-mentioned premises in a reasonably safe condition for persons lawfully on said premises.

4

As a direct and proximate result of the Defendant's negligence, the Plaintiff sustained severe injuries and was caused to suffer the following:

a) Medical expenses in the amount of $14,628.53 set forth as follows:

| | |
|---|---|
| Doctors Hospital | $1,807.83 |
| GA Masters Emergency Physicians | $1,028.00 |
| Brown and Radiology | $    55.00 |
| Center for Primary Care | $   310.00 |
| Synergy Spine & Joint Center | $ 3,690.00 |
| GeorgiaLina Physical Therapy | $ 2,879.38 |
| Med Now Urgent Care | $   460.00 |

Alliance Spine and Pain Center                $4,398.32

    b)  Mileage expenses in the amount of $177.43; and

    c)  Compensation for loss of quality of life, the exact nature and extent of which

        cannot be determined until trial.

**WHEREFORE**, the Plaintiff prays that she be awarded the following:

    1)    Fair and reasonable special damages in the amount of $14,628.53;

    2)    Mileage expenses in the amount of $177.43;

    3)    Future medical expenses for the plaintiff, which cannot be determined until the date

of trial;

    4)    Past and future general damages, which cannot be determined until the time of trial;

    5)    General damages for pain and suffering which cannot be determined until time of

trial; and

    6)    All costs of court and reasonable attorney's fees.

PLAINTIFF FURTHER DEMANDS A JURY TRIAL.

Dated this 29th day of March 2018.

                                     s/VICTOR C. HAWK
                                     THE HAWK LAW GROUP
                                     Attorney for Plaintiff
                                     GA State Bar No. 338650

HAWK LAW GROUP
336 Telfair Street
Augusta, GA  30901
(706) 722-3500
vhawk@hawklawgroup.com

**General Civil and Domestic Relations Case Filing Information Form**

☶ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COLUMBIA COUNTY, GEORGIA

**2018ECV0077**

CARL C. BROWN, JR.
MAR 29, 2018 01:57 PM

Cindy Mason, Clerk
Columbia County, Georgia

☑ Superior or ☐ State Court of _____Columbia_____ County

**For Clerk Use Only**

Date Filed ___03-29-2018___    Case Number __2018ECV0077__
**MM-DD-YYYY**

**Plaintiff(s)**

Williams, Shonea

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

Wal-Mart Stores East, LP

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney**   Hawk, Victor          **Bar Number** ___338650___   **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**

- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☑ Automobile Tort
- ☐ General Tort
- ☐ Contract
- ☐ Real Property
- ☐ Civil Appeal
- ☐ Habeas Corpus
- ☐ Restraining Petition
- ☐ Injunction/Mandamus/Other Writ
- ☐ Garnishment
- ☐ Landlord/Tenant
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Adoption
- ☐ Family Violence Petition
- ☐ Other Domestic Relations

**Post-Judgement – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony.
- ☐ Modification
- ☐ Administrative/Other

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
    **Case Number**              **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. §9-11-7.1.

☐ Is interpreter needed in this case? If so, provide the language(s) required. _____
                                                              **Language(s) Needed**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COLUMBIA COUNTY, GEORGIA

**2018ECV0077**

CARL C. BROWN, JR.
MAR 29, 2018 01:57 PM

Cindy Mason, Clerk
Columbia County, Georgia

IN THE SUPERIOR COURT FOR THE
COUNTY OF COLUMBIA, STATE OF GEORGIA
Civil Action File No. _____

SHONEA WILLIAMS,                                    )
                                                    )
          Plaintiff,                                )
                                                    )
vs.                                                 )
                                                    )
WAL-MART STORES EAST, LP and/or A.B.C.  )
that Individual partnership, foreign profit         )
corporation and/or non-profit corporation, company )
and/or limited liability company doing business     )
as the same located at 260 Bobby Jones              )
Expressway, Augusta, GA, on May 14, 2016 when )
Plaintiff slipped and fell on the premises,          )
                                                    )
          First Defendant,                          )
                                                    )
And,                                                )
                                                    )
A.B.C. that individual partnership, foreign profit   )
corporation and/or non-profit corporation,          )
company and/or limited liability company acting      )
as the manager of Wal-Mart Stores East, LP at        )
260 Bobby Jones Expressway, Augusta, GA on           )
May 14, 2016 when plaintiff slipped and fell          )
on the premises,                                     )
                                                    )
          Second Defendant.                         )

**DUPLICATE ORIGINAL (SERVICE COPY)**

## INTERROGATORIES

TO:   **WAL-MART STORES EAST, LP**

**NOTE:** These interrogatories are directed to you but require information

obtained by you and your agents, servants, employees, representatives,

investigators, adjustors, and others who are in possession of or may have obtained

information for or on your behalf.   These interrogatories shall be deemed
continuing so as to require supplemental answers.

1.      State the full name, address of the person answering these
Interrogatories.

2.      State the name and address of each person, including experts, having
any knowledge of relevant facts related to the incident which is the basis of this
suit, the cause thereof, or the damages resulting therefrom.

3.      State the name and address of any potential party to this lawsuit, not
already a party hereto.

4.      Please state whether or not you have a copy of any statement which
the plaintiff has previously made concerning the action or its subject matter and
which is in your possession, custody or control.

5.      For the purpose of this question, a statement previously made is (1)
a written statement signed or otherwise adopted or approved by the person making
it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription
thereof, which is a substantially verbatim recital of an oral statement by the person
making it and contemporaneously recorded.

6.      Describe any insurance agreement under which any insurance may
be liable to satisfy part or all of the judgment which may be entered in this action,
or to indemnify or reimburse for payments made to satisfy the judgment, by stating

the name of the person or entity insured, the name of the insurer, and the amount of any liability insurance coverage.

7.     Describe in your own words how the incident occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any cause or contributing cause of the incident, including a statement in detail of the facts or information upon which this contention is based.

8.     Describe in detail any conversation you have had with the plaintiff(s) or plaintiff's representative following the incident in question.

9.     Please state whether or not you have obtained from the plaintiffs, any statement, oral, written, or recorded, and state the date of obtaining any such statement from the plaintiffs.

10.     Please state the name and address of each expert who will be called by you as a witness in this case.

11.     State the name, address and qualifications of each expert who may be called as an expert witness at the trial of this case, the subject matter on which the expert is expected to testify and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

12.     State whether any expert whom you expect to call as a witness has prepared a report, formal or informal, and if so state the date(s) of such report(s) and to whom addressed.

13.     please describe in detail any previous incidents of which defendant is aware which occurred in substantially the same way as plaintiff's incident or in the same or nearby location.

14.     Did the defendant conduct an investigation of the incident which forms the basis of this suit?

15.     Was it the regular course of business and standard procedure for the defendant to investigate any incident at the premises wherein somebody was injured?

16.     If there was an investigation made of the incident and/or accident that forms the basis of this suit, please state whether the defendant conducted such an investigation in anticipation of litigation, and if so, state each fact of which defendant was aware at the time of the investigation that caused it to believe that it was conducting the investigation in anticipation of litigation.

17.     What is the defendant's contention as to the cause of the incident which forms the basis of this suit?

18.     If you contend that the plaintiff was not an invitee at the time of the occurrence in question, please state and describe each fact, document or thing on which you base such a contention.

19.     Please describe any claims or lawsuits that have heretofore been brought against this defendant by reason of an incident or injury at the same or similar location, or a similar type of incident at some other location.

20.   Does the defendant contend that the plaintiff consumed alcoholic beverages or drugs at the time or immediately preceding the time of the incident?

21.   Please identify all photographs, motion pictures, video recordings, maps, drawings, charts, diagrams, measurements, surveys or other documents concerning the events and happenings made the basis of this lawsuit, the area of the occurrence made the basis of this lawsuit, persons or objects involved, made before, either at the time of or after the time of the events in question, including any photographs made of you at any time since the incident made the basis of this lawsuit, that you, your attorney, your insurance carrier or anyone acting on your or their behalf, has or know of.

22.   Please state the correct names and addresses of the owners of the premises on May 14, 2016 and for five years prior.

23.   If defendant was not an owner of the premises at the time of the occurrence in question, please state the nature of defendant's relationship with the owners of the premises.

24.   Please list the names and addresses of all persons having authority on the premises for the two years prior to the occurrence made the basis of this lawsuit.

25.   If a report was made by anyone in the ordinary course of business with respect to plaintiff's incident, state the name and address of the person who made the report, the date thereof, and in whose custody it is.

Dated this 29th day of March 2018.

                                s/VICTOR HAWK
                                GA State Bar No. 338650
                                ATTORNEY FOR PLAINTIFF

HAWK LAW GROUP
338 Telfair Street
Augusta, GA 30901
(706) 722-3500
vhawk@hawlawgroup.com

**❦ EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COLUMBIA COUNTY, GEORGIA

**2018ECV0077**
CARL C. BROWN, JR.
MAR 29, 2018 01:57 PM

Cindy Mason, Clerk
Columbia County, Georgia

IN THE SUPERIOR COURT FOR THE
COUNTY OF COLUMBIA, STATE OF GEORGIA
Civil Action File No. _____

**SHONEA WILLIAMS,**                          )
                                              )
    Plaintiff,                             )
                                              )
vs.                                           )
**WAL-MART STORES EAST, LP** and/or A.B.C.    )
that Individual partnership, foreign profit   )
corporation and/or non-profit corporation, company )
and/or limited liability company doing business )
as the same located at 260 Bobby Jones        )
Expressway, Augusta, GA, on May 14, 2016 when )
Plaintiff slipped and fell on the premises,    )
                                              )
                                              )
    ⌐ First Defendant,                     )
And,                                          )
                                              )
                                              )
A.B.C. that individual partnership, foreign profit )
corporation and/or non-profit corporation,     )
company and/or limited liability company acting )
as the manager of Wal-Mart Stores East, LP at )
260 Bobby Jones Expressway, Augusta, GA on     )
May 14, 2016 when plaintiff slipped and fell    )
on the premises,                              )
                                              )
    Second Defendant.                      )

**DUPLICATE ORIGINAL (SERVICE COPY)**

## REQUESTS FOR PRODUCTION

COME NOW, the Plaintiff and requests the Defendant to produce the following documents:

1.   Any contract between the owner and any person or entity responsible for caring for the premises at the time of plaintiff's injuries.

2.   Any indemnity agreement between any of the parties to this case.

3.   Any indemnity agreement between any party to this case and non-party which is relevant to the incident and injuries made the basis of this suit.

4.      Any joint venture agreement between the parties or between any party to this suit and any non-party regarding the ownership, operation, repair, maintenance, advertising security or other service for the premises in question.

5.      Any and all photographs videos or other recordings that defendant has of the scene of the incident, the incident or the resulting injuries to the plaintiff.

6.      Any and all expert reports which have been obtained from any expert and if a report has not been prepared, the preparation of a report is hereby requested.

7.      Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part of all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

8.      Copies of any and all statements previously made by plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the plaintiff hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by plaintiff hereto and contemporaneously recorded.

9.      Any and all drawings, maps or sketches of the scene of the incident which has been made the basis of this lawsuit.

10.     Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

11.     A copy of any surveillance videos or photographs which have been made of plaintiff.

12.     Any and all expert reports that were or will be relied upon in whole or in part by any testifying expert in this case.

13.    Any and all work papers, notes, documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

14.    Copies of reports of all similar incidents prepared by any and all employees of the premises in question within two years of the incident.

15.    All inspection reports or other documents relating to the observation of the premises by any person or entity, including defendant, for the premises in question, for a period of two (2) year prior to, and all dates subsequent to the incident.

Dated this 29th day of March 2018.


                                        s/VICTOR HAWK
                                        HAWK LAW GROUP
                                        GA State Bar No. 338650
                                        ATTORNEY FOR PLAINTIFF

HAWK LAW GROUP
338 Telfair Street
Augusta, GA 30901
(706) 722-3500
vhawk@hawklawgroup.com

IN THE SUPERIOR COURT OF _____ COUNTY, GEORGIA

CIVIL ACTION FILE NO: _____

_____, )
            PLAINTIFF(S),       )
                                )
VS.                             )
                                )
_____, )
            DEFENDANT(S).        )

## STANDING ORDER FOR MEDIATION IN CIVIL CASES

In accordance with the mandate of the Georgia Constitution of 1983 that the judicial branch of government provide "speedy, efficient and inexpensive resolution of disputes and prosecutions," and pursuant to Uniform Superior Court Rule 1.2 as well as the Georgia Supreme Court's Alternative Dispute Resolution Rules encouraging the use of alternative dispute resolution by the courts of this state, the following **Standing Order for Mediation in Civil Cases** is hereby entered. As set forth herein, all contested civil matters filed in the Superior Courts of the Augusta Judicial Circuit, **unless exempted**, as set forth below, must be mediated in accordance with this Order.

**MEDIATION REQUIRED.**

Mediation is a prerequisite to a case's placement on the trial calendar, and **must be conducted in compliance with this Order**. All such mediations shall be conducted in accordance with the rules of the Augusta Judicial Circuit ADR Program (hereinafter "AJC ADR Program".)

The parties shall agree upon a mediator from the roster of mediators registered by the Georgia Office of Dispute Resolution (http://godr.org/) who have been chosen for service in the AJC ADR Program.  A copy of the roster may be obtained by contacting the AJC ADR Program Director, Debbie Goode (hereafter "ADR Director"), at 706-821-2357 or dgoode@augustaga.gov.

Parties shall contact the mediator directly and schedule the mediation.  The plaintiff's counsel shall provide the date of the mediation and the name of the mediator selected and agreed to by all parties, by completing the attached Notice of Mediation Status form (Attachment A hereto) which must be provided by email or U.S. mail to the ADR Director, **prior to the scheduled session.**  Unless otherwise agreed, the parties shall share the cost of the mediator equally, and should be prepared to pay the mediator at the conclusion of the session.  Should the parties fail to agree upon a mediator, the court or the ADR Director will appoint one for them and may set the fee.  If any party is unable to afford the cost of mediation, they may contact the ADR Office to request an Application for Fee Waiver/Fee Reduction.

Should the parties desire to use a mediator not on the AJC ADR Program roster, they are permitted **to petition the court** to utilize any mediator **provided he/she is registered with the Georgia Office of Dispute Resolution in the appropriate category.**  If approved, **prior to mediation,** Plaintiff shall notify the ADR Director in writing of the name of the mediator, and the time and location of mediation.  He/she shall be paid in accordance with the agreement of the parties and said mediator.

The parties and their counsel shall negotiate in *good faith* to resolve all issues in this case with the mediator.  Within *seven* calendar days after mediation the parties shall notify the ADR Director whether mediation was successful by completing and submitting to the ADR Director a copy of the attached Attestation Form (Attachment B hereto,) as set forth below in the provision

of this order entitled Attestation of Mediation Participation or Exemption.  In the absence of settlement, the parties lose none of their rights to a final hearing or trial.

Compliance with this Order does not require the parties to reach a settlement.  The mediator has no authority to compel settlement.  Any settlement is entirely voluntary.

**APPEARANCE.**

The presence of parties at all mediation conferences is required unless the court excuses attendance for good cause shown.  The requirement that a party appear at a mediation conference is satisfied if the following persons are physically present:

(a)    The party and/or:

(1)    The party's representative who has:

(i)    Full authority to settle without further consultation; and

(ii)    A full understanding of the dispute and full knowledge of the facts;

(2)    A representative of an insurance carrier for any insured party if that representative has full authority to settle without further consultation, except that telephone consultations with persons immediately available are permitted.  Appearance of an insurance carrier's representative by telephone is only permitted if all parties agree to such telephonic appearance.

**DISCRETIONARY EXEMPTIONS.**

Any party may petition the court to exempt the case from mediation by filing a Mediation Exemption Petition, a copy of which shall also be provided to the ADR Director.  An exemption from mediation may be requested for the following reasons:

(a)     The issue(s) to be considered has been previously mediated by a mediator registered with the Georgia Office of Dispute Resolution;

(b)     The issue(s) presents a question of law only;

(c)     Good cause shown before the judge to whom the case is assigned.

Any exemption shall be within the discretion of the court.


**MANDATORY EXEMPTIONS.**

The following shall be exempt from mediation except upon petition of all parties or upon *sua sponte* motion of the court:

(a)     Appeals from rulings of administrative agencies;

(b)     Forfeitures of seized properties;

(c)     Bond validations; and

(d)     Declaratory relief.


**CONFIDENTIALITY AND PRIVILEGE.**

The Georgia Supreme Court Alternative Dispute Resolution Rules and the Augusta Judicial Circuit Alternative Dispute Resolution Rules provide protections, immunities, and benefits to parties, counsel, and registered neutrals in properly conducted court-connected mediations. All submissions provided to a registered mediator, discussions, representations, and statements made in connection with a court-connected mediation proceeding shall remain confidential and privileged consistent with Georgia law. Parties and neutrals acting in a court-annexed or court-referred ADR process are entitled to these confidentiality and immunity protections. (Supreme

Court ADR Rule 6.1 and 6.2.)  Non-registered mediators do not have the confidentiality or immunity protections provided by the Supreme Court of Georgia.

**ATTESTATION OF MEDIATION PARTICIPATION OR EXEMPTION.**

Prior to requesting a pretrial conference or trial date, the requesting party is directed to complete and submit a filed copy of the attached Attestation Form to the ADR Director.  The original attestation shall be filed with the Clerk of Court.  Failure to attest will result in continuance of the matter until compliance is demonstrated.

**EFFECTIVE DATE OF ORDER**

This Order shall become effective the date it is filed and shall apply to all civil cases except those exempted as described above.

**SO ORDERED** this _____ day of _____, 20____.

_____
Judge, Superior Court
Augusta Judicial Circuit

**IN THE SUPERIOR COURT OF _____ COUNTY, GEORGIA**

**CIVIL ACTION FILE NO. _____**

_____,      )
        **PLAINTIFF,**            )
                                       )
**VS.**                                       )
                                         )
_____,      )
      **DEFENDANT.**           )

### NOTICE OF MEDIATION STATUS
### (Attachment A)

☐   I do hereby confirm that the parties in the above styled action have selected and agreed to the following registered mediator:

       Mediator's Name: _____

       Date of Mediation: _____

☐   Parties request a mediator be assigned by the AJC ADR Program.

☐   Been granted an Exemption (See copy attached.)

This _____ day of _____, 20\_\_\_.

                              _____

                              Plaintiff's Counsel

                              Printed Name: _____

**IN THE SUPERIOR COURT OF _____ COUNTY, GEORGIA**

**CIVIL ACTION FILE NO.   _____**

_____,     )
                **PLAINTIFF,**     )
                                   )
**VS.**                            )
                                   )
_____,     )
                **DEFENDANT.**     )

**ATTESTATION FORM**
**(Attachment B)**

I do hereby attest that the parties in the above styled action have;

    ☐   **Attended Mediation:**

        Date: _____

        Mediator's Name: _____

        Outcome: _____

    ☐   **Been Granted an Exemption** (See copy attached.)

This _____ day of _____, 20\_\_\_.

_____
Requesting Party's Signature

Printed Name: _____

**Sworn to and subscribed before me,**
**This \_\_\_\_\_ day of _____, _____.**

_____
Notary Public
My Commission expires: _____

7

📠 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COLUMBIA COUNTY, GEORGIA
**2018ECV0077**
CARL C. BROWN, JR.
APR 23, 2018 12:44 PM

Cindy Mason, Clerk
Columbia County, Georgia

IN THE SUPERIOR COURT OF COLUMBIA COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SHONEA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No. 2018ECV0077 |
| | ) | |
| WAL-MART STORES EAST, LP and/or | ) | |
| A.B.C. that individual partnership, foreign | ) | |
| profit corporation and/or non-profit | ) | |
| corporation, company and/or limited | ) | |
| liability company doing business as the | ) | |
| same located at 260 Bobby Jones | ) | |
| Expressway, Augusta, GA, on May 14, | ) | |
| 2016 when Plaintiff slipped and fell on the | ) | |
| premises, | ) | |
| | ) | |
| First Defendant | ) | |
| | ) | |
| And | ) | |
| | ) | |
| A.B.C. that individual partnership, foreign | ) | |
| profit corporation and/or non-profit | ) | |
| corporation, company and/or limited | ) | |
| liability company acting as the manager of | ) | |
| Wal-Mart Stores East, LP at 260 Bobby | ) | |
| Jones Expressway, Augusta, GA, on May | ) | |
| 14, 2016 when Plaintiff slipped and fell on | ) | |
| the premises, | ) | |

## STIPULATION EXTENDING TIME TO ANSWER

COMES NOW Plaintiff, by and through her attorney of record, and stipulates and agrees

to extend the time in which Defendant(s) may respond to Plaintiff's Complaint to and including

May 31, 2018.

**THE HAWK LAW GROUP**

VICTOR C. HAWK
Georgia Bar No. 338650
Counsel for Plaintiff

336 Telfair Street
Augusta, GA  30901
(706) 722-3500
vhawk@hawklawgroup.com

IN THE SUPERIOR COURT OF COLUMBIA COUNTY
STATE OF GEORGIA

SHONEA WILLIAMS,                                )
                                                )
          Plaintiff,                            )
                                                )
v.                                              )          Civil Action File No. 2018ECV0077
                                                )
WAL-MART STORES EAST, LP and/or                 )
A.B.C. that individual partnership, foreign     )
profit corporation and/or non-profit            )
corporation, company and/or limited             )
liability company doing business as the         )
same located at 260 Bobby Jones                 )
Expressway, Augusta, GA, on May 14,             )
2016 when Plaintiff slipped and fell on the     )
premises,                                       )
                                                )
          First Defendant                       )
                                                )
And                                             )
                                                )
A.B.C. that individual partnership, foreign     )
profit corporation and/or non-profit            )
corporation, company and/or limited             )
liability company acting as the manager of      )
Wal-Mart Stores East, LP at 260 Bobby           )
Jones Expressway, Augusta, GA, on May           )
14, 2016 when Plaintiff slipped and fell on     )
the premises,                                   )

## CERTIFICATE OF SERVICE

This is to certify that I have this day forwarded, via United States Mail, postage prepaid,

a true and correct copy of the foregoing *Stipulation Extending Time to Answer* to the following

counsel, addressed as follows:

Attorney for Wal-Mart Stores East, LP
Michael L. Miller
Drew, Eckl & Farnham, LLP
303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia  30308

This ___22nd___ day of April, 2018.

THE HAWK LAW GROUP

VICTOR C. HAWK
Georgia Bar No. 338650
Counsel for Plaintiff

336 Telfair Street
Augusta, GA  30901
(706) 722-3500
vhawk@hawklawgroup.com

7880060/1
05695-132621

⁂ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COLUMBIA COUNTY, GEORGIA

**2018ECV0077**
CARL C. BROWN, JR.
MAY 02, 2018 03:10 PM

Cindy Mason, Clerk
Columbia County, Georgia

IN THE SUPERIOR COURT OF COLUMBIA COUNTY
STATE OF GEORGIA

SHONEA WILLIAMS,      )
         )
    Plaintiff,     )
         )
v.            )   Civil Action File No. 2018ECV0077
         )
WAL-MART STORES EAST, LP and/or )
A.B.C. that individual partnership, foreign )
profit corporation and/or non-profit )
corporation, company and/or limited )
liability company doing business as the )
same located at 260 Bobby Jones )
Expressway, Augusta, GA, on May 14, )
2016 when Plaintiff slipped and fell on the )
premises,     )
         )
    First Defendant    )
         )
And        )
         )
A.B.C. that individual partnership, foreign )
profit corporation and/or non-profit )
corporation, company and/or limited )
liability company acting as the manager of )
Wal-Mart Stores East, LP at 260 Bobby )
Jones Expressway, Augusta, GA, on May )
14, 2016 when Plaintiff slipped and fell on )
the premises,    )

    Second Defendant.

## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Wal-Mart Stores East, LP, and files this Answer and Defenses to Plaintiff's Complaint, and shows the Court as follows:

### First Defense

Pending additional investigation and discovery, Defendant affirmatively preserves any and all defenses based on improper or insufficient service.

### Second Defense

Pending additional investigation and discovery, Defendant affirmatively preserves any and all defenses based on the statute of limitations and/or the doctrine of laches.

### Third Defense

Pending additional investigation and discovery, some or all of Plaintiff's Complaint may fail to state a claim against this Defendant upon which relief may be granted.

### Fourth Defense

Pending additional investigation and discovery, Defendant states that Plaintiff's alleged injuries and damages may have been caused or contributed to by Plaintiff's actions.

### Fifth Defense

Pending additional investigation and discovery, Defendant states that Plaintiff's alleged injuries and damages may have been caused or contributed to by another party's actions.

### Sixth Defense

Defendant breached no duty owed to Plaintiff.

### Seventh Defense

Plaintiff may not recover against Defendant because no act or omission of Defendant was the legal cause or the proximate precipitating cause of Plaintiff's alleged injuries and damages.

### Eighth Defense

Pending further investigation and discovery, Defendant asserts the defenses of contributory and comparative negligence.

### Ninth Defense

Defendant denies that Defendant or Defendant's agents or employees were negligent in any way in connection with the incident which is the subject of this litigation.

### Tenth Defense

Pending further investigation and discovery, Defendant asserts the defense of assumption of risk.

### Eleventh Defense

Plaintiffs may not recover against Defendant due to Plaintiff's equal or superior knowledge of any condition which she alleges resulted in this event.

### Twelfth Defense

Pending additional investigation and discovery, Defendant had no actual or constructive knowledge of any alleged dangerous or hazardous condition which allegedly caused Plaintiff's injuries and damages.

### Thirteenth Defense

Defendant denies any and all allegations regarding negligent inspection and failure to warn.

### Fourteenth Defense

Defendant denies any and all allegations of negligent supervision, hiring, training, entrustment, and/or retention.

### Fifteenth Defense

Plaintiff is not entitled to any special damages to the extent that Plaintiff has failed to specifically plead them in accordance with O.C.G.A. § 9-11-9(g).

### Sixteenth Defense

Plaintiff is not entitled to attorney's fees, expenses, costs, post-judgment interest or pre-judgment interest under the facts of this case.  Further, Defendant preserves all rights against Plaintiff to the extent these claims are asserted without any justifiable basis in fact or law.

## Seventeenth Defense

Pending further investigation and discovery, Defendant reserves the right to assert all affirmative defenses available under the Georgia Civil Practice Act.

## Eighteenth Defense

In answer to the specific allegations of Plaintiff's Complaint, Defendant shows the Court as follows:

1.

Denied as pled.

2.

Denied.

3.

Defendant states that any and all such alleged duties are established as a matter of law. Defendant denies all allegations and implications of breach of duty, negligence, and liability.

4.

Denied.

5.

Defendant denies all allegations contained within Plaintiff's "prayer for relief" located after Paragraph 4 of Plaintiff's Complaint.

6.

Defendant denies all other allegations of the Complaint which have not been specifically responded to in the previous paragraphs.

**DEFENDANT HEREBY DEMANDS TRIAL BY JURY OF TWELVE REGARDING ANY ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION.**

Having fully answered, Defendant prays that it be discharged with all costs cast against Plaintiff.

Respectfully submitted, this ____2ⁿᵈ____ day of May, 2018.

DREW ECKL & FARNHAM, LLP

Hall F. McKinley, III
Georgia Bar No. 495512
Michael L. Miller
Georgia Bar No. 508011
Counsel for Defendant Walmart

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
hmckinley@deflaw.com
mmiller@deflaw.com

IN THE SUPERIOR COURT OF COLUMBIA COUNTY
STATE OF GEORGIA

SHONEA WILLIAMS,                                        )
                                                       )
        Plaintiff,                                     )
                                                       )
v.                                                     )        Civil Action File No. 2018ECV0077
                                                       )
WAL-MART STORES EAST, LP and/or                        )
A.B.C. that individual partnership, foreign            )
profit corporation and/or non-profit                   )
corporation, company and/or limited                    )
liability company doing business as the                )
same located at 260 Bobby Jones                        )
Expressway, Augusta, GA, on May 14,                    )
2016 when Plaintiff slipped and fell on the            )
premises,                                              )
                                                       )
        First Defendant                                )
                                                       )
And                                                    )
                                                       )
A.B.C. that individual partnership, foreign            )
profit corporation and/or non-profit                   )
corporation, company and/or limited                    )
liability company acting as the manager of             )
Wal-Mart Stores East, LP at 260 Bobby                  )
Jones Expressway, Augusta, GA, on May                  )
14, 2016 when Plaintiff slipped and fell on            )
the premises,                                          )

        Second Defendant.

## CERTIFICATE OF SERVICE

This is to certify that I have this day forwarded, via United States Mail, postage prepaid,

a true and correct copy of the foregoing ***Answer and Defenses to Plaintiff's Complaint*** to the

following counsel of record, addressed as follows:

Victor C. Hawk
The Hawk Law Group
336 Telfair Street
Augusta, Georgia 30901

This _2ⁿᵈ_ day of May, 2018.

**DREW, ECKL & FARNHAM, LLP**

Michael L. Miller
Georgia Bar No. 508011
Attorneys for Defendant Walmart

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
Mmiller@deflaw.com

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COLUMBIA COUNTY, GEORGIA

**2018ECV0077**
CARL C. BROWN, JR.
MAY 02, 2018 03:14 PM

*Cindy Mason*
Cindy Mason, Clerk
Columbia County, Georgia

IN THE SUPERIOR COURT OF COLUMBIA COUNTY

STATE OF GEORGIA

| | |
|---|---|
| SHONEA WILLIAMS, | |
|     Plaintiff, | |
| v. | Civil Action File No. 2018ECV0077 |
| WAL-MART STORES EAST, LP and/or A.B.C. that individual partnership, foreign profit corporation and/or non-profit corporation, company and/or limited liability company doing business as the same located at 260 Bobby Jones Expressway, Augusta, GA, on May 14, 2016 when Plaintiff slipped and fell on the premises, | |
|     First Defendant, | |
| And | |
| A.B.C. that individual partnership, foreign profit corporation and/or non-profit corporation, company and/or limited liability company acting as the manager of Wal-Mart Stores East, LP at 260 Bobby Jones Expressway, Augusta, GA, on May 14, 2016 when Plaintiff slipped and fell on the premises, | |
|     Second Defendant. | |

## DEFENDANT'S RULE 5.2 CERTIFICATE

Defendant Wal-Mart Stores East, LP by and through the undersigned counsel, files this

Certificate pursuant to Uniform Court Rule 5.2 and shows that on May 2, 2018, opposing

counsel was duly served with a copy of the following:

7904065/1
05695-132621

- Defendant's First Request for Production of Documents and Notice to Produce at Trial to Plaintiff; and

- Defendant's First Interrogatories to Plaintiff

Said documents were placed in an envelope, with adequate postage affixed therein, in the

United States Mail addressed to:

> Victor C. Hawk
> The Hawk Law Group
> 336 Telfair Street
> Augusta, Georgia  30901

This 2nd day of May, 2018.

> **Drew Eckl & Farnham, LLP**
>
> _____
> Michael L. Miller
> Georgia State Bar No. 508011
> Attorney for Wal-Mart Stores East, LP

303 Peachtree Street, NE
Suite 3500
Atlanta, GA  30308
(404) 885-1400
millerm@deflaw.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Rule 5.2 Certificate was served by United

States First Class Mail postage prepaid upon:

> Victor C. Hawk
> The Hawk Law Group
> 336 Telfair Street
> Augusta, Georgia  30901

This 2nd day of May, 2018.

DREW ECKL & FARNHAM, LLP

Michael L. Miller
Georgia State Bar No. 508011
*Attorney for Wal-Mart Stores East, LP*

303 Peachtree Street, NE
Suite 3500
Atlanta, GA  30308

7904065/1
05695-132621

IN THE SUPERIOR COURT OF COLUMBIA COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SHONEA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No. 2018ECV0077 |
| | ) | |
| WAL-MART STORES EAST, LP and/or | ) | |
| A.B.C. that individual partnership, foreign | ) | |
| profit corporation and/or non-profit | ) | |
| corporation, company and/or limited | ) | |
| liability company doing business as the | ) | |
| same located at 260 Bobby Jones | ) | |
| Expressway, Augusta, GA, on May 14, | ) | |
| 2016 when Plaintiff slipped and fell on the | ) | |
| premises, | ) | |
| | ) | |
| First Defendant | ) | |
| | ) | |
| And | ) | |
| | ) | |
| A.B.C. that individual partnership, foreign | ) | |
| profit corporation and/or non-profit | ) | |
| corporation, company and/or limited | ) | |
| liability company acting as the manager of | ) | |
| Wal-Mart Stores East, LP at 260 Bobby | ) | |
| Jones Expressway, Augusta, GA, on May | ) | |
| 14, 2016 when Plaintiff slipped and fell on | ) | |
| the premises, | ) | |
| | ) | |
| Second Defendant. | ) | |

## NOTICE OF FILING OF REMOVAL

TO:    Clerk, Superior Court of Columbia County, Georgia

In compliance with 28 USC §1446(d), you are hereby notified of the filing of a Notice of

Removal in this action with the United States District Court for the Southern District of Georgia,

Augusta Division, a copy of which is attached hereto.

Respectfully submitted, this 9th day of May, 2018.

-1-

**DREW, ECKL & FARNHAM, LLP**

*/s/ Michael L. Miller*
Michael L. Miller
Georgia Bar No. 508011
Counsel for Defendant Walmart

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
mmiller@deflaw.com
7917883/1
05695-132621

IN THE SUPERIOR COURT OF COLUMBIA COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SHONEA WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WAL-MART STORES EAST, LP and/or | ) |
| A.B.C. that individual partnership, foreign | ) |
| profit corporation and/or non-profit | ) |
| corporation, company and/or limited | ) |
| liability company doing business as the | ) |
| same located at 260 Bobby Jones | ) |
| Expressway, Augusta, GA, on May 14, | ) |
| 2016 when Plaintiff slipped and fell on the | ) |
| premises, | ) |
| | ) |
| First Defendant | ) |
| | ) |
| And | ) |
| | ) |
| A.B.C. that individual partnership, foreign | ) |
| profit corporation and/or non-profit | ) |
| corporation, company and/or limited | ) |
| liability company acting as the manager of | ) |
| Wal-Mart Stores East, LP at 260 Bobby | ) |
| Jones Expressway, Augusta, GA, on May | ) |
| 14, 2016 when Plaintiff slipped and fell on | ) |
| the premises, | ) |
| | ) |
| Second Defendant. | ) |

Civil Action File No. 2018ECV0077

## **CERTIFICATE OF SERVICE**

This is to certify that today I electronically served a true and correct copy of the

foregoing **NOTICE OF FILING OF REMOVAL** through PeachCourt to the following counsel

of record, addressed as follows:

Victor C. Hawk
The Hawk Law Group
336 Telfair Street
Augusta, Georgia  30901
vhawk@hawklawgroup.com

This 9th day of May, 2018.

DREW, ECKL & FARNHAM, LLP

*/s/ Michael L. Miller*
Michael L. Miller
Georgia Bar No. 508011
Attorneys for Defendant Walmart

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
Mmiller@deflaw.com

7917883/1
05695-132621