IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SHONEA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-083 |
| | ) | |
| WALMART STORES EAST, LP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

In consideration of the record, the Court **REPORTS** and **RECOMMENDS** this case be **REMANDED** to the Superior Court of Columbia County, Georgia, based on lack of subject-matter jurisdiction and this civil action be **CLOSED**.

**I.    BACKGROUND**

As a result of Plaintiff slipping and falling in a puddle of liquid on the floor of a Walmart store, she alleges Defendants are liable for medical and mileage expenses, as well as future medical expenses, past and future general damages, and general damages for pain and suffering. (See doc. no. 1-2, Compl.) Plaintiff filed this action in the Superior Court of Columbia County, Georgia, and Defendants filed a Notice of Removal on May 9, 2018, asserting diversity of citizenship and an "open-ended" amount in controversy that exceeds $75,000. (Doc. no. 1, pp. 3-5.) The medical damages claimed in the original complaint are $14,805.96, (see doc. no. 1-2, p. 5), and in response to a pre-removal request for stipulation

of damages less than $75,000, Plaintiff's counsel refused to so stipulate based on estimated current medical expenses of over $48,000. (Doc. no. 1-6.)

On June 12, 2018, this Court issued an Order directing Defendants to provide sufficient evidence within fourteen days establishing the amount in controversy after finding it is not facially apparent from the complaint that Plaintiff's claim exceeds the amount-in-controversy requirement. (Doc. no. 9.) In "Defendant's Notice of Filing Supplemental Evidence of Damages," defense counsel argues that post-removal discovery responses show Plaintiff claims medical expenses in the amount of $48,657.43, future medical expenses of $5,000, and $205.15 in mileage expenses. (Doc. no. 10, ¶ 8 and Exs. A & B.) Because Plaintiff has to date claimed special damages in the amount of $53,862.58, and because she has asserted claims for general past and future damages, as well as general damages for pain and suffering, the defense asserts the amount in controversy exceeds $75,000 and therefore satisfies the jurisdictional requirements to proceed in federal court. (Id. ¶¶ 9, 11.)

## II.   DISCUSSION

Generally, a defendant may remove an action from state court when the federal court would possess original jurisdiction over the subject matter, "except as otherwise expressly provided by an Act of Congress." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). The Court construes the removal statute narrowly. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 (11th Cir. 2010).

A removing defendant has the burden to establish federal jurisdiction. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). And the removing party must point

to facts, not conclusory allegations, to meet its burden. See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." Pretka, 608 F.3d at 751.

Moreover, "[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. Although a defendant need not "banish all uncertainty about" the amount in controversy, the Court requires a removing defendant to make "specific factual allegations establishing jurisdiction [that can be supported] . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Pretka, 608 F.3d at 754. That is, the existence of jurisdiction should not be "divined by looking to the stars." Lowery, 483 F.3d at 1215.

An indeterminate claim for damages is not dispositive but should not be ignored by the Court. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1064 (11th Cir. 2010). Rather, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062 (footnote omitted). The Court's analysis is also guided by the following cautionary words from the Eleventh Circuit:

> Because jurisdiction cannot be conferred by consent, the district court should be leery of any stipulations the parties offer concerning the facts related to jurisdiction. Given that the parties share the goal of having this case decided in federal court, the district court should be especially mindful of its independent obligation to ensure that jurisdiction exists before federal judicial power is exercised over the merits of the case.

Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1275 (11th Cir. 2000).

Here, Defendants have failed to meet their burden by a preponderance of the evidence to show that the amount in controversy exceeds $75,000. The original complaint itemized only $14,805.96 in damages. (See doc. no. 1-2, p. 5.) Thus, based on the face of the complaint, at the time of removal, the case fell well short of the jurisdictional amount in controversy requirement, and Defendants seek to rely on Plaintiff's pre-removal refusal to stipulate to damages of less than $75,000, (doc. no. 1-6, p. 7), and post-removal discovery responses, (doc. nos. 10-1, 10-2), dated June 18, 2018 – over a month after removal - to support jurisdiction. See Williams, 269 F.3d at 1319 (explaining "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed" if amount not facially apparent from the complaint). However, none of these are sufficient. Even in consideration of this additional information, it is undisputed that the only itemized damages to date total $53,862.58. (Doc. no. 10, ¶ 9.)

In regards to the email refusing to stipulate to damages less than $75,000, absent itemization or documentation in support, it is of no value to this Court's analysis because "jurisdiction cannot be conferred by consent." Morrison, 228 F.3d at 1275. Likewise, the general request for future damages and ongoing pain and suffering damages provides no detail or basis upon which the Court can make reasonable deductions, inferences, or other extrapolations. See Pretka, 608 F.3d at 754. Defendants have offered no binding authority holding that once a case is removed, the Court must accept without question non-specific, conclusory discovery responses filed over a month after removal when examining whether jurisdictional requirements have been met.

At best, the defense cites Eleventh Circuit case law allowing that a district court *may* consider post-removal evidence to assess removal jurisdiction, so long as the jurisdictional facts are judged at the time of removal. See Williams, 269 F.3d at 1319 (citing Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 948-49 (11th Cir. 2000)).[1] Here, the post-removal evidence offered does not reflect current satisfaction of the jurisdictional requirement, let alone satisfaction at the time of removal. Moreover, the suggested future medical expenses are not quantified at an amount that would push the case beyond the $75,000 jurisdictional threshold. In any event, because jurisdiction must exist at the time of removal, the possibility of future medical expenses is not determinative. Sinclair v. State Farm Mut. Auto. Ins., No. 2:11-CV-320, 2011 WL 2746823, at *2 (M.D. Fla. July 14, 2011) ("The argument that the expenses will include future medical expenses, past wage loss, future wage loss, and pain and suffering is also irrelevant to the inquiry of whether the amount in controversy was adequate at the time of removal.").

As explained above, the Court has an "independent obligation" to ensure federal jurisdiction exists. Morrison, 228 F.3d at 1275. Here, the Court cannot conclude the defense has met its burden to show by a preponderance of the evidence the value of this case meets the $75,000 jurisdictional threshold. Indeed, this finding is in line with the conclusions of District Courts within the Eleventh Circuit. See Kenney v. Briggs & Stratton Corp., CV 116-113, 2016 WL 6650845, at *2-3 (S.D. Ga. Nov. 9, 2016) (finding no jurisdiction in pressure washer injury case with $36,000 in medicals, post-removal removal response to request for

---

[1] The citation to McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008), is neither binding, nor persuasive. The Tenth Circuit case talks about consideration of interrogatories obtained in state court prior to removal, but the discovery responses attached by the defense to its response to the show cause order were not obtained until over a month after removal.

admission that damages exceed $75,000, and $100,000 settlement demand), *adopted by*, 2016 WL 7131539 (S.D. Ga. Dec. 6, 2016) (Hall, C.J.); Cobb v. Sanders, CV 116-073, 2016 WL 4197595, at *3 (S.D. Ga. Aug. 9, 2016) (finding no jurisdiction in vehicle accident case with $31,000 in medicals, allegations of general damages, and demand letter for $225,000), *adopted by*, 2016 WL 4582067 (S.D. Ga. Sept. 1, 2016) (Hall, C.J.); Arrington v. Wal-Mart Stores, Inc., No. 7:13-CV-154, 2014 WL 657398, at *1 (M.D. Ga. Feb. 20, 2014) (finding no jurisdiction in slip-and-fall case with $44,000 in medicals and insufficient evidence to calculate future monetary losses); Cross v. Wal-Mart Stores, E., LP, No. 7:11-CV-21, 2011 WL 976414, at *2 (M.D. Ga. Mar. 17, 2011) (finding no jurisdiction in slip-and-fall case with $45,000 in medicals, allegations of general damages, and a demand letter for $125,000) but see Farley v. Variety Wholesalers, Inc., No. 5:13-CV-52, 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013) (finding jurisdiction in premises liability case with $13,000 in medicals and the possibility of two future surgeries).

### III. CONCLUSION

Because there is no subject-matter jurisdiction, the Court **REPORTS** and **RECOMMENDS** this action be **REMANDED** to the Superior Court of Columbia County, Georgia, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of July, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA